IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIMINAL NO. 1: CR-02-236
:
v. :
:
**ORUSTU B. BROWN** :

# **M E M O R A N D U M**

## **I.  Background**

On April 30, 2012, this court denied a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (doc. 68). On May 11, 2012, Defendant Orustu Brown filed a motion for reconsideration of that order (doc. 69). The motion will be denied for the reasons set forth below.

## **II.  Discussion**

### **A. Original Guideline Range Determined by the Court**

This case involved 10.8 grams of crack cocaine and 13.7 grams of marijuana. According to the *Drug Equivalency Tables*, 10.8 grams of crack cocaine converts to 216 kilograms of marijuana. The addition of 13.7 grams of marijuana would not affect the base offense level. This court found that the base offense level involving at least 100 but less than 400 kilograms of marijuana is 26. Thus, Defendant's calculations at sentencing were as follows:

|  |  |
|---|---|
| Base Offense Level: | 26 |
| Specific Offsense Characteristic: | 0 |
| Victim Related Adjustments: | 0 |
| Adjustment for Role in Offense: | 0 |
| Adjustment for Obstruction of Justice: | 0 |
| Chapter Four Enhancements (career offender) | 34 |
| Adjustment for Acceptance of Responsibility | - 3 |
| Total Offense Level: | 31 |
| Criminal History Category: | VI |
| Guideline Imprisonment Range | 188-235 months |

The statutory maximum term was 40 years and the statutory minimum term was 5 years.

**B. Sentence Imposed**

On May 20, 2003, Defendant was sentenced to 188 months imprisonment and 4 years of supervised release, was ordered to pay a $2,000 fine and a $100 special assessment.

**C. Guideline Range Determined as a Result of Amendment 750**

As stated above, this case involved 10.8 grams of crack cocaine and 13.7 grams of marijuana. According to the *Drug Equivalency Tables*, 10.8 grams of crack cocaine converts to 38.56 kilograms of marijuana. The addition of 13.7 grams of marijuana would not affect the base offense level. Under the sentencing guidelines effective November 1, 2011, at least 20 but less than 40 kilograms of marijuana results in the following guideline calculations:

|  |  |
|---|---|
| Base Offense Level: | 18 |
| Specific Offsense Characteristic: | 0 |
| Victim Related Adjustments: | 0 |
| Adjustment for Role in Offense: | 0 |
| Adjustment for Obstruction of Justice: | 0 |
| Chapter Four Enhancements (career offender) | 34 |
| Adjustment for Acceptance of Responsibility | - 3 |
| Total Offense Level: | 31 |
| Criminal History Category: | VI |
| Guideline Imprisonment Range | 188-235 months |

The statutory maximum term was 40 years and the statutory minimum term was 5 years.

**III.     Conclusion**

Under Application Note 1(A) of the USSG § 1B1.10, a reduction is not authorized because the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision – in this case the career offender enhancements under Chapter Four.  Therefore, Defendant's motion for reconsideration will be denied.  An appropriate order will be issued.

                                                                    s/Sylvia H. Rambo                    
                                                                    United States District Judge

Dated:  May 14, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1: CR-02-236**
:
**v.** :
:
**ORUSTU B. BROWN** :

## **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for reconsideration (doc. 69) is **DENIED**.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: May 14, 2012.